**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Peter D. Sax
Assistant United States Attorney
peter.sax@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

November 16, 2022

Elizabeth Daily
Assistant Federal Public Defender
101 SW Main St., Suite 1700
Portland, OR 97204
SENT VIA EMAIL

      Re:    *United States v. John Michael Christian*,
              Case No. 3:22-cr-00337-IM
              Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to waive Indictment and to plead guilty to Count 1 and Count 2 of the Information in case no. 22-cr-00337-IM. Count 1 charges the possession with intent to distribute heroin and methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). Count 2 charges Conspiracy to Possess with Intent to Distribute and to Distribute Heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

3.    **Penalties**: For each count the maximum sentence is 20 years' imprisonment, a fine of $1,000,000, a mandatory minimum term of three years of supervised release up to a lifetime of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

/ / /
/ / /

Elizabeth Daily
Re: Christian Plea Letter
November 16, 2022
Page 2

---

4.  **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Elements & Factual Basis**: In order for defendant to be found guilty of Counts 1 & 2 of the Information, the government must prove the following elements beyond a reasonable doubt:

    As to Count 1:
    First, defendant knowingly and intentionally possessed quantities of heroin, a schedule I controlled substance, and methamphetamine, a schedule II controlled substance; and

    Second, defendant intended to distribute the heroin and the methamphetamine to another person.

    As to Count 2:
    First, defendant unlawfully, knowingly, and intentionally combined, conspired, confederated and agreed with another; and

    Second, the object of the defendant's agreement with another was to possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

    Defendant admits the government can prove the elements as set forth above and the facts as set forth below:

    Count 1:
    On or about May 24, 2019, agents searched a vehicle and recovered 230 grams of heroin, and 251 grams of a mixture or substance containing methamphetamine. These drugs belonged to defendant and he possessed most of these drugs for further distribution. Specifically, defendant possessed 219 grams of heroin and 240 grams of a mixture or substance containing methamphetamine that he intended to distribute to others.

    Count 2:
    In the spring and summer of 2019, defendant was a member of a conspiracy to possess with intent to distribute and to distribute heroin, including distributing heroin to inmates in the Multnomah County Inverness Jail (MCIJ), in Portland, Oregon. In furtherance of this conspiracy, defendant, who was in custody at MCIJ, arranged for a co-conspirator to deposit four packages each containing 3-6 grams of heroin at a clandestine drop site near MCIJ. Defendant also coordinated with additional co-conspirators who were part of a work crew that operated outside the boundaries of MCIJ, to retrieve the packages from the hidden location and bring them inside the jail. The heroin deposited at the drop site was successfully smuggled into MCIJ where

Elizabeth Daily
Re: Christian Plea Letter
November 16, 2022
Page 3

---

it was distributed for use among individuals in the conspiracy. Defendant knew that the heroin in the packages he arranged to be deposited would be distributed among the involved individuals in this way.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: For Count 1, the parties agree that defendant's relevant conduct is a converted drug weight of 699 kgs, resulting in a Base Offense Level of 26, prior to adjustments.

For Count 2, the parties agree that defendant's relevant conduct is between 10 and 20 grams of heroin, resulting in a Base Offense Level of 14, prior to adjustments.

8. **Correctional Facility Enhancement (Count 2)**: The parties agree that a 2-level increase applies to Count 2, pursuant to USSG § 2D1.1(b)(4) because an object of the offense was to distribute a controlled substance into a correctional facility.

9. **3553(a) Variance**: Based on the factors set forth in 18 U.S.C. § 3553(a), the government will ask the Court to grant defendant a downward variance in his offense level.

10. **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

11. **No Mitigating Role**: The parties agree that defendant does not qualify for a mitigating role adjustment under USSG § 3B1.2.

12. **"Safety Valve" Adjustment**: If the Court determines that defendant's case satisfies the criteria in 18 U.S.C. § 3553(f), the government will recommend an additional two-level downward variance to defendant's Sentencing Guidelines range based on the factors set forth in 18 U.S.C. § 3553(a) if defendant is not otherwise eligible for a two-level reduction under U.S.S.G. § 2D1.1(b)(18). By making any such recommendation, the government does not waive any objection to the Court's determination that the criteria in 18 U.S.C. § 3553(f) have been satisfied. If the government makes a two-level variance recommendation as described herein, defendant agrees not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in the event the United States Sentencing Commission amends U.S.S.G. § 5C1.2(a)(1) to match the language of 18 U.S.C. § 3553(f)(1).

13. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense

Elizabeth Daily
Re: Christian Plea Letter
November 16, 2022
Page 4

---

level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

14. **Over-Represented Criminal History**: The majority of defendant's criminal history results from serial PCS heroin convictions, and from a burglary conviction from 2005. Given the nature of his criminal history, the parties jointly agree that defendant's criminal history is over-represented. For purposes of sentencing, the parties agree that the Court should apply a downward departure under USSG § 4A1.3, equivalent to defendant having a CHC of IV.

15. **Sentencing Recommendation**: The USAO will recommend a combined total sentence of **24 months' imprisonment** as long as defendant demonstrates an acceptance of responsibility as explained above. The USAO also agrees to recommend that any sentence imposed on Count 2 run **concurrently** with the sentence for Count 1. Defendant may recommend any sentence he deems appropriate for either count, provided that doing so does not conflict with other terms of this agreement.

16. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant may not seek any downward departures that are not otherwise specified in this agreement. Defendant reserves the right to seek a downward variance from the applicable sentencing guideline range determined by the Court, and he understands the government may oppose such a request. Defendant agrees that, should he seek a downward variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

17. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or

Elizabeth Daily
Re: Christian Plea Letter
November 16, 2022
Page 5

---

sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

18.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

19.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

20.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

21.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

22.     **Deadline**: This plea offer expires if not accepted by November 17, 2022, at 5:00 p.m.

                                            Sincerely,
                                            NATALIE K. WIGHT
                                            United States Attorney

                                            */s/ Peter D. Sax*
                                            PETER D. SAX
                                            Assistant United States Attorney

Elizabeth Daily
Re: Christian Plea Letter
November 16, 2022
Page 6

---

    I hereby freely and voluntarily accept the terms and conditions of this plea offer, after first reviewing and discussing every part of it with my attorney. I expressly waive my right to appeal as outlined in this agreement. I am satisfied with the legal assistance provided to me by my attorney. I wish to plead guilty because, in fact, I am guilty.

11/17/22
Date

_____
JOHN MICHAEL CHRISTIAN
Defendant

    I represent defendant as legal counsel. I have carefully reviewed and discussed every part of this agreement with defendant. To my knowledge, defendant's decisions to enter into this agreement and to plead guilty are informed and voluntary ones.

11/17/2022
Date

_____
ELIZABETH DAILY
Attorney for Defendant